|   |   |
|---|---|
| | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexander Caratachea, | No. CV-17-00701-PHX-JJT (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, *et al.*, | |
| Respondents. | |

At issue is the Report and Recommendation (Doc. 25) ("R&R") submitted by United States Magistrate Judge James F. Metcalf, recommending that the Court dismiss with prejudice the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) filed in this matter by Petitioner Larry Thompson. Both Petitioner (Doc. 27) and Respondents Charles Ryan and the Attorney General of the State of Arizona (Doc. 26) filed timely Objections to the R&R, which Objections the Court also has considered.

The Court will adopt Judge Metcalf's recommendation and the underlying reasoning in the R&R. Judge Metcalf exhaustively analyzed the timeliness issue for petitions under AEDPA, including all possible applications of statutory and equitable tolling provisions, and concluded that Petitioner was untimely in filing his Petition.

Respondents correctly point out in their Objection (Doc. 26) that the R&R errantly stated the date the Arizona court dismissed Petitioner's as-of-right PCR was June 20, 2010, when it was in fact January 10, 2010. A review of the docket in this matter confirms the typographical error; the Court thus will sustain Respondents' Objection.

Once the date of dismissal of Petitioner's PCR proceedings is corrected, the Court concludes that his convictions became final 35 days later, on February 24, 2010, rather than July 26, 2010. Thus AEDPA's one-year limitations period ran from February 25, 2010 through February 24, 2011. As of that date, the time had run for Petitioner to file for habeas relief in this Court.

The R&R correctly concluded that Petitioner's second state PCR petition was not properly filed, and thus did not result in any tolling of AEDPA's limitations period, but it found he was entitled to tolling during the pendency of his third PCR proceeding. After correction of the date when his convictions became final, as set forth above, this conclusion was incorrect. Once the finality date is corrected to February 24, 2010, and the AEDPA limitations period is shown to expire February 24, 2011, Petitioner's time had run even before he filed for his third PCR proceeding. Petitioner therefore was not entitled to tolling during that proceeding.

Petitioner's deadline for timely filing this Petition was February 24, 2011. He did not file it until March 2017. The Petition was untimely by more than six years. The R&R exhaustively addressed the inapplicability of equitable tolling and the *Schlupp* gateway to this matter, and as corrected above, the Court concludes statutory tolling is inapplicable.

Petitioner's Objections repeat the same arguments he made in his Petition, which the Court has already considered. Nothing in the Objection affects the correctness of Judge Metcalf's analysis or his recommended conclusions beyond the correction of the date of dismissal of the first PCR proceeding in the state court.

**IT IS ORDERED** adopting the conclusions, reasoning and recommendation of the R&R (Doc. 25) in this matter.

**IT IS FURTHER ORDERED** sustaining the Objection of Respondents in this matter (Doc. 26) and overruling the Objections of Petitioner (Doc. 27).

**IT IS FURTHER ORDERED** dismissing with prejudice the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).

**IT IS FURTHER ORDERED** denying a certificate of appealability, upon a finding that dismissal is based on a plain procedural bar and that jurists of reason would not find that ruling debatable.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly and close this matter.

Dated this 11th day of May, 2018.

Honorable John J. Tuchi
United States District Judge